| **Summons** | . CIVIL DOCKET NO.<br>2085CV00955 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Advanced Cable Ties, Inc.<br><br>vs.<br><br>Amco Polymers, LLC and<br>Ravago Holdings America, Inc. | Dennis P. McManus    Clerk of Courts |
|---|---|
| | Worcester             County |
| Plaintiff(s) | COURT NAME & ADDRESS:<br>Worcester Superior Court<br>225 Main Street<br>Worcester, MA. 01608 |
| Defendant(s) | |

THIS SUMMONS IS DIRECTED TO <u>RAVAGO HOLDINGS AMERICA, INC.</u> (Defendant's name)

<u>You are being sued.</u> The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Worcester Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

### 1. <u>You must respond to this lawsuit in writing within 20 days.</u>

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

### 2. How to Respond.

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business, Worcester Superior Court 225 Main Street, Worcester, MA 01608     (address), by mail or in person **AND**

    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: BODANZA & BODANZA, 36 School Street, Leominster, MA  01453

### 3. What to Include in Your Response.

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

*Joseph P. Casey*

A true copy Attest:

Deputy Sheriff Suffolk County

10-1-2_

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. _Judith Fabricant_____, Chief Justice on _____, 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.                          SUPERIOR COURT DEPARTMENT
                                       CIVIL ACTION NO.

ADVANCED CABLE TIES, INC.          )
                Plaintiff          )
                                   )
v.                                 )
                                   )
AMCO POLYMERS, LLC and             )
RAVAGO HOLDINGS AMERICA, INC.      )
                Defendants         )

## COMPLAINT AND JURY DEMAND
### *Parties*

1.  The Plaintiff, ADVANCED CABLE TIES, INC. (hereinafter "ACT") is a Massachusetts corporation with a principal place of business in Gardner, Worcester County, Massachusetts.

2.  The Defendant, AMCO POLYMERS, LLC, (hereinafter "AMCO") is a limited liability company organized and existing under the laws of Delaware, with a usual place of business in Wilmington, Delaware.

3.  The Defendant, RAVAGO HOLDINGS, AMERICA, INC. (hereinafter "RAVAGO"), is a corporation organized and existing under the laws of the State of Florida, with a usual place of business in Orlando, Florida.

4.  The Defendant AMCO is a manufacturer of resin products.

5.  The Defendant RAVAGO is a holding company for AMCO. The Defendant RAVAGO is the manager of the Defendant AMCO POLYMERS, LLC

### *Jurisdiction*

6.  Massachusetts has personal jurisdiction over the Defendants AMCO and RAVAGO, pursuant to M.G.L. Ch. 233A, Section 1, and pursuant to M.G.L. Ch. 93A, Section 11, in that the unfair and deceptive acts and practices complained of occurred primarily and substantially within the Commonwealth of Massachusetts.

1

## COUNT I

### *(Breach of Contract)*

7.    The Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 6.

8.    On or about September 2019, the Plaintiff purchased from the Defendant AMCO 40,080 pounds of material described as (N)ylon black, Item No: NY-N1000THL BK 377 for the cost of $90,180.00. A copy of said purchase order is attached hereto as *Exhibit A* and incorporated by reference herein.

9.    ACT used a portion of the materials to manufacture cable tie mounts for its customer. The parts failed and the customer communicated this difficulty to ACT.   Ultimately, ACT lost the customer and was back charged $20,000.00 for prior sales related to the failed piece.

10.   On January 9, 2020, the Defendants' lab tested the suspect material and made a determination that "the melt flow values of the pellet and bad parts from lot 75281 appear to be high outside the specification for this product." The moisture content of the resin made it unusable. A copy of said laboratory test result is attached hereto as *Exhibit B* and incorporated by reference herein.

11.   On April 23, 2020, the Plaintiff notified the Defendants of their breach of contract but the Defendants have failed and neglected to remedy said breach.

12.   The Plaintiff duly performed all obligations under the agreement incumbent upon it.

13.   As a direct result of this willful and material breach of contract by the Defendants, the Plaintiff has sustained serious damages, has incurred divers expenses, and will be obligated to expend large sums of money to purchase undefective material.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages, together with costs, prejudgment interest, attorney's fees and such other and further relief as this Honorable Court shall deem just and appropriate.

2

## COUNT II

### (*Breach of Implied Warranty of Merchantability*)

14.   The Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 13.

15.   In selling goods to the Plaintiff, the Defendants AMCO and RAVAGO failed to disclaim any implied warranties, or its purported disclaimers were not conspicuous or otherwise effective.

16.   The Defendants AMCO and RAVAGO sold goods to the Plaintiff that were not merchantable in that the resin product would fail to pass without objection in the trade under the contract description and/or were not fit for the ordinary purpose for which it was sold.

17.   The Plaintiff gave the Defendants AMCO and RAVAGO reasonable notice of the failed product.

18.   As a result of the foregoing, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages, together with costs, prejudgment interest, attorney's fees and such other and further relief as this Honorable Court shall deem just and appropriate.

## COUNT III

### (*Breach of Implied Warranty of Fitness for A Particular Purpose*)

19.   The Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 18.

20.   In selling goods to the Plaintiff, the Defendants AMCO and RAVAGO failed to disclaim any implied warranties, or its purported disclaimers were not conspicuous or otherwise effective.

21.   The Plaintiff, through certain employees, made known to the Defendants of the particular purpose for which the material sold by the Defendant AMCO to the Plaintiff was to be used. As a result, the Defendant AMCO knew or had reason to know that the Plaintiff

3

was relying on the Defendant AMCO's product to furnish adequate cable tie mounts.

22. The Plaintiff relied on the Defendant AMCO's representations in purchasing AMCO's product.

23. The product sold by AMCO to the Plaintiff did not meet the purpose told to AMCO by ACT employees.

24. As a result of the foregoing, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against the Defendants for compensatory damages, together with costs, prejudgment interest, attorney's fees and such other and further relief as this Honorable Court shall deem just and appropriate.

### COUNT IV

### *(M.G.L. Ch.93A, Section 11)*

25. The Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 24.

26. The Plaintiff and the Defendants are engaged in trade or commerce.

27. On August 7, 2020, the Plaintiff, by and through counsel, sent a written demand for relief to the Defendants in accordance with G.L. c.93A. A copy of this demand letter is attached hereto as *Exhibit C* and incorporated by reference herein.

28. This written demand was sent to both Defendants by both certified mail, return receipt requested, and by first-class mail, to their business addresses on August 7, 2020 as stated above.

29. Both Defendants, AMCO and RAVAGO, have failed to respond to the Plaintiff's demand letter.

30. The Defendants' breach of warranties constitute conduct in disregard of known contractual arrangements which is intended to secure benefits for the breaching party, is deceptive, or otherwise is within at least the penumbra of some established concept of unfairness or is immoral, unethical, oppressive, or unscrupulous.

31. The Defendants have engaged in unfair and deceptive acts and practices, undertaken willfully and knowingly, in violation of G.L. c. 93A, Section 11.

32. The Defendants' refusal to grant reasonable relief upon demand was made in bad faith with knowledge or reason to know that the acts or practices complained of violated G.L. c. 93A, Section 11.

33. As a result of the foregoing, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the amount of actual damages to be trebled, together with interest, costs, reasonable attorney's fees and such other and further relief as this Honorable Court shall deem just and appropriate.

## COUNT IV

### *(Interference with Prospective Economic Advantage)*

34. The Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 33.

35. ACT used a portion of the materials sold by Defendants to manufacture cable tie mounts for its customer.

36. The parts failed and the customer communicated this difficulty to ACT.

37. The Defendants intentionally and improperly refused to cover this defective material despite its own lab reports that revealed that Defendants' product was defective.

38. ACT lost its customer and was back charged $20,000.00 for prior sales related to the failed piece due to the defective material.

39. In the absence of this defective material and the refusal to promptly replace it, the Plaintiff would have enjoyed continuing contractual relations with its customer and prospective economic advantage.

40. As a result of the foregoing, the Plaintiff has been damaged.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the amount of actual damages, together with interest, costs, reasonable attorney's fees and such other and further relief as this Honorable Court shall deem just and appropriate.

## JURY DEMAND

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
ON ALL ISSUES SO TRIABLE.**

The Plaintiff,
ADVANCED CABLE TIES, INC.
By its attorney,

/s/ *Mark C. Bodanza*

Dated: September 4, 2020

Mark C. Bodanza, Esquire
BODANZA & BODANZA
36 School Street
Leominster, MA 01453
(978) 840-0500
BBO #047610
mark@bodanzalaw.com

# *EXHIBIT A*



**ADVANCED CABLE TIES, INC.**
245 Suffolk Lane, Gardner, Ma
Ph: 978.630.3900 Fax: 978.630.3999
Email: sales@actfs.com Web: www.actfs.com

| PURCHASE ORDER |
| --- |
| 18803-ACT |
| 5/10/2019 |

**TO:**

AMCO POLYMERS LLC
1900 SUMMIT TOWER BLVD
SUITE 900
ORLANDO FL  32810
UNITED STATES

**SHIP TO:**

ADVANCED CABLE TIES
245 SUFFOLK LANE
GARDNER MA  01440
USA

| Buyer | Confirm To | Requested By | Ship Via | FOB | Terms |
| --- | --- | --- | --- | --- | --- |
| RKNIGHT | | KENNETH C TOMASETTI | PREPAID | | NET 60 |

| Item Number / Description | | Quantity / UM | | Unit Cost | Ext. Cost |
| --- | --- | --- | --- | --- | --- |
| NY-N1000THL BK377    **HYLON BLACK** | | 40,080 | LBS | 2.250000 | 90,180.00 |
| Supl Part # | | | | | |
| NY-N1000THL BK377 | | | | | |

| Release Qty | Request Date | Promise Date | Comment |
| --- | --- | --- | --- |
| 40,080 | 5/21/2019 | 5/21/2019 | |

The seller will comply with all applicable provisions of ExecutiveThe seller will comply with all applicable provisions of Executive Order11246 as amended, the provisions found in Sec. 503 of the Rehabilitation Act of 1973 as amended, 38 U.S.C. 4212 of the Vietnam Era Veterans Readjustment Assistance Act as amended, and Executive Order 13496 as amended, and all relevant rules, regulations, and orders of the Secretary of Labor.

*****All Costs Are Shown In US Dollars*****

**Comment:**

| | |
| --- | --- |
| SubTotal | 90,180.00 |
| Tax | 0.00 |

# *EXHIBIT B*



Ravago

January 9, 2020

ACT
Jim Sakorafos / Phil Juzwick / Bobby Krieger

**SRN 9326**                    **Material: PA66**                    **Test Date: 1/9/2019**

**Purpose of Testing:** The Amco Technical department requested that the lab perform Melt Flow Rate, TGA, DSC, and FTIR analysis on a sample of material from the customer. The purpose of testing was to determine a cause of failure in the part.

**Samples and Observations:** The sample was received by the lab on 1/7/2020. The sample was a set of good and bad parts and pellets made from N1000THL BK377. The bad part and pellets were both from lot 75281. The bad parts were experiencing part failure and AMCO and Act were hoping to find a cause for it. The parts and pellets were dried to a moisture between 0.07-0.09% prior to testing melt flow. TGA, DSC, and FTIR were test on both sets of parts and a melted pellet extrudate sample.

**Test Results:**

| Property | Test Method | Units | Specification | Pellet | Good Part | Bad Part |
|---|---|---|---|---|---|---|
| Moisture | ASTM D6869 | % | <0.20 | 0.08 | 0.09 | 0.09 |
| Melt Flow Rate (275°C/ 5 kg) | ASTM D1238 | g/10 min | 25-75 | 106.7 | 85.7 | 109.2 |

See attached for TGA, DSC, and FTIR curves for the sample and their comparative overlays.

**RMA Technical Center Opinion:** The melt flow values of the pellet and bad parts from lot 75281 appear to be high outside the specification for the product. The TGA, DSC, and FTIR values for the three samples all appear to be typical of the product.

Thank you for choosing the RMA Technical Center in Manchester.

Sincerely,

*C.J. Hills*

C.J. Hills
Ravago Manufacturing Americas
Direct: 931-728-7009 ext 25075

*RMA is an ISO 17025 A2LA accredited internal laboratory. A2LA Certificate No. 1181-01 and Scope of Accreditation can be viewed at www.a2la.org.*

Ravago Manufacturing Americas

405 Park Tower Drive                    Tel: 1-800-459-7009
Manchester, TN 37355                    Fax: 1-931-728-7005

*Laboratory Test Results*

ISO
9001

Sample: SRN-9326 PELLET TGA
Size:  6.7480 mg
Method: Ramp

## TGA

File: P:...\SRN-9326 PELLET TGA.001
Operator: LAJ
Run Date: 09-Jan-2020 07:28
Instrument: TGA Q500 V20.13 Build 39



Universal V4.5A TA Instruments



Sample: SRN-9326 PELLET DSC
Size: 7.2000 mg
Method: STANDARD RUN - NEW DSC

**DSC**

File: P:...\SRN-9326 PELLET DSC.001
Operator: LAJ
Run Date: 09-Jan-2020 11:03
Instrument: DSC Q2000 V24.11 Build 124

228.01°C

259.92°C

Heat Flow (W/g)

Temperature (°C)

Exo Up

Universal V4.5A TA Instruments

PerkinElmer Spectrum Version 10.4.3
Thursday, January 09, 2020 1:44 PM

Analyst ·                              Administrator
Date                                   Thursday, January 09, 2020 1:44 PM



SRN-9326 PELLET    Sample 395 By Administrator Date Thursday, January 09 2020



PerkinElmer Spectrum Version 10.4.3
Thursday, January 09, 2020 1:45 PM

Analyst                    Administrator
Date                       Thursday, January 09, 2020 1:45 PM

———————   SRN-9326 PELLET      Sample 395 By Administrator Date Thursday, January 09 2020
———————   No. 15 Nylon - Type 66   No.15Nylon-Type66Copolymer.sp

Sample: SRN-9326 GOOD PART TGA
Size: 11.1900 mg
Method: Ramp

## TGA

File: P:...\SRN-9326 GOOD PART TGA.001
Operator: LAJ
Run Date: 09-Jan-2020 06:36
Instrument: TGA Q500 V20.13 Build 39

-0.1076%

Universal V4.5A TA Instruments

Sample: SRN-9326 GOOD PART DSC
Size:  8.7000 mg
Method: STANDARD RUN - NEW DSC

**DSC**

File: P:...\SRN-9326 GOOD PART DSC.001
Operator: LAJ
Run Date: 09-Jan-2020 09:06
Instrument: DSC Q2000 V24.11 Build 124

Exo Up

Universal V4.5A TA Instruments



PerkinElmer Spectrum Version 10.4.3
Thursday, January 08, 2020 1:47 PM

Analyst          Administrator
Date             Thursday, January 08, 2020 1:47 PM

SRN-9326 GOOD PART     Sample 393 By Administrator Date Wednesday, January 08 2020



PerkinElmer Spectrum Version 10.4.3
Thursday, January 09, 2020 1:47 PM

Analyst          Administrator
Date             Thursday, January 09, 2020 1:47 PM

———————  SRN-9326 GOOD PART    Sample 393 By Administrator Date Wednesday, January 08 2020
———————  No. 15 Nylon - Type 66    No.15Nylon-Type66Copolymer.sp

Sample: SRN-9326 BAD PART TGA
Size: 12.2330 mg
Method: Ramp

**TGA**

File: P:...\SRN-9326 BAD PART TGA.001
Operator: LAJ
Run Date: 09-Jan-2020 07:03
Instrument: TGA Q500 V20.13 Build 39

1.856%

Universal V4.5A TA Instruments



Sample: SRN-9326 BAD PART DSC
Size: 8.0000 mg
Method: STANDARD RUN - NEW DSC

**DSC**

File: P:...\SRN-9326 BAD PART DSC.001
Operator: LAJ
Run Date: 09-Jan-2020 10:05
Instrument: DSC Q2000 V24.11 Build 124

Exo Up

Universal V4.5A TA Instruments



PerkinElmer Spectrum Version 10.4.3
Thursday, January 09, 2020 1:45 PM

Analyst          Administrator
Date             Thursday, January 09, 2020 1:45 PM

SRN-9326 BAD PART    Sample 394 By Administrator Date Thursday, January 09 2020

PerkinElmer Spectrum Version 10.4.3
Thursday, January 09, 2020 1:46 PM

Analyst                Administrator
Date                   Thursday, January 09, 2020 1:46 PM



SRN-9326 BAD PART     Sample 394 By Administrator Date Thursday, January 09 2020
No. 15 Nylon - Type 66   No.15Nylon-Type66Copolymer.sp







PerkinElmer Spectrum Version 10.4.3
Thursday, January 09, 2020 1:48 PM

Analyst          Administrator
Date             Thursday, January 09, 2020 1:48 PM

————————   SRN-9326 PELLET       Sample 395 By Administrator Date Thursday, January 09 2020
————————   SRN-9326 GOOD PART    Sample 393 By Administrator Date Wednesday, January 08 2020
————————   SRN-9326 BAD PART     Sample 394 By Administrator Date Thursday, January 09 2020

# *EXHIBIT C*

7019 0700 0001 1493 9081

7019 0700 0001 1493 9098

LAW OFFICES
## BODANZA & BODANZA
36 SCHOOL STREET
LEOMINSTER, MASSACHUSETTS 01453

MARK C. BODANZA
DAVID P. BODANZA*
AMANDA M. MASTALERZ
   *ALSO ADMITTED IN NH

TELEPHONE
(978) 840-0500
FAX
(978) 840-1222

*VIA CERTIFIED MAIL/RETURN RECEIPT
REQUESTED AND FIRST-CLASS MAIL*

August 7, 2020

Attn: Joseph St. Martin
AMCO Polymers, LLC
1900 Summit Tower, Suite 900
Orlando, FL 32810

Attn: James Duffy, President
Ravago Holdings America, Inc.
1900 Summit Tower, Suite 900
Orlando, FL 32810

**RE:**   *Advanced Cable Ties, Inc.*

Dear Gentlemen:

Please be advised that I represent the above-named Advanced Cable Ties, Inc. (hereinafter "ACT"), who purchased 40,080 pounds of your material described as (N)ylon black, Item number: NY-N1000THL BK 377 for a cost of $90,180.00. See Purchase Order #18803-ACT dated May 10, 2019 attached hereto and incorporated herein by reference.

My client used a portion of the materials to manufacture cable tie mounts for its customer. Unfortunately the parts failed and the customer communicated this difficulty to ACT. Ultimately, ACT lost the customer and was back charged $20,000.00 for prior sales related to the failed piece. On January 9, 2020 your lab tested the suspect material and made a determination that "the melt flow values of the pellet and bad parts from lot 75281 appear to be high outside the specification for this product." The moisture content of the resin made it unusable.

On April 23, 2020, Mr. Ken Tomasetti, President of ACT, notified Mr. St. Martin about the continued difficultly customers had with the purchased material. Despite that letter and several prior communications relative to the problem, your company has failed to reimburse ACT for the cost of the defective material.

The action of AMCO Polymers and the sale of the identified material constitute a breach of warranty. An unsatisfied breach of warranty claim among merchants establishes an additional remedy namely, the *Massachusetts Consumer Protection Act* statute, Massachusetts General Laws, Chapter 93A, Section 1, *et seq.* As you may be aware, the aforementioned statute does address merchant to merchant claims. Additionally, Massachusetts case law has held that a breach of warranty between merchants does establish a Chapter 93A violation with potential exposure to punitive damages and recoupment of attorney's fees for the claimant. Where, as

Attn: Joseph St. Martin
AMCO Polymers, LLC
Attn: James Duffy, President
Ravago Holdings America, Inc.

August 7, 2020
Page 2 of 2

here, the breach constitutes conduct in disregard of known contractual arrangements which is intended to secure benefits for the breaching party, is deceptive, or otherwise is within at least the penumbra of some established concept of unfairness or is immoral, unethical, oppressive, or unscrupulous, a breach of warranty will result in Chapter 93A liability. See *Anthony's Pier Four, Inc. v. HBC Assocs.,* 411 Mass. 451, 474–476, 583 N.E.2d 806 (1991); *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.,* 418 Mass. 737 640 N.E.2d 1101 (1994); *Massachusetts Farm Bureau Fed'n, Inc. v. Blue Cross of Mass., Inc.,* 403 Mass. 722, 729, 532 N.E.2d 660 (1989); and *PMP Assocs., Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 595–598, 321 N.E.2d 915 (1975).

In that regard, ACT demands that within thirty (30) days of your receipt of this letter that AMCO Polymers comply with the foregoing formal remedies:

1. Refund ACT the Purchase Order amount, $90,180.00;
2. Retrieval, at the expense of AMCO Polymers, the unused defective material; and
3. Reimbursement to ACT of $20,000.00 charged back by its customer.

ACT reserves the right to seek additional damages, if the matter does not settle as outlined above, including but not limited to lost profits, punitive damages pursuant to Chapter 93A and attorney's fees.

Thank you for your anticipated cooperation and courtesy.

Very truly yours,

MARK C. BODANZA, ESQUIRE

MCB:tab
Enclosure
cc: Mr. Ken Tomasetti, President

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts<br>SUPERIOR COURT DEPARTMENT<br>County: <u>WORCESTER</u> | Docket Number: |
|---|---|---|

| PLAINTIFF(S)<br><br>ADVANCED CABLE TIES, INC. | DEFENDANT(S)<br><br>AMCO POLYMERS, LLC and RAVAGO HOLDINGS AMERICA, INC. |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br><br>Mark C. Bodanza, Esquire – (978) 840-0500<br>BODANZA & BODANZA – 36 School Street, Leominster, MA  01453<br><br>Board of Bar Overseers Number      047610 | ATTORNEY (if known)<br><br>- |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup. Ct. C. 231, s. 104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup. Ct. C. 231, s. 102C (X)
- [ ] 4. F04 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass. R. Civ. P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| <u>A02</u> | <u>GOODS SOLD AND DELIVERED</u> | ( F ) | ( X ) Yes     ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
#### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:
   1.  Total hospital expenses...................................................................................... $ 0.00
   2.  Total Doctor expenses........................................................................................ $ 0.00
   3.  Total chiropractic expenses................................................................................ $ 0.00
   4.  Total physical therapy expenses......................................................................... $ 0.00
   5.  Total other expenses.......................................................................................... $ 0.00
      **Subtotal** $ **0.00**
B.  Documented lost wages and compensation to date.............................................. $ 0.00
C.  Documented property damages to date................................................................ $ 0.00
D.  Reasonable anticipated future medical and hospital expenses............................ $ 0.00
E.  Reasonable anticipated lost wages...................................................................... $ 0.00
F.  Other documented items of damages (describe):
      $ 0.00
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe):

      $ 0.00
      **TOTAL** $ **0.00**

### CONTRACT CLAIMS
#### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This claim arises out of a breach of contract wherein the Plaintiff purchased materials from the Defendants that were defective and caused the Plaintiff to suffer serious damages and to expend large sums of money. The Plaintiff seeks treble damages due to breach of contract and violation of 93A.

**TOTAL   $      200,000.00**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT:

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of various methods."**

Signature of Attorney of Record
*/s/ Mark C. Bodanza*

DATE:      September 4, 2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### CONTRACT

| | | |
|---|---|---|
| A01 | Services, Labor and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### *TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury/Property Damage | (F) |
| B04 | Other Negligence-Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-Medical | (A) |
| B07 | Malpractice-Other (Specify) | (A) |
| B08 | Wrongful death, G.L.c.229, s.2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip & Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### REAL PROPERTY

| | | |
|---|---|---|
| C01 | Land Taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L.c.40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of Mortgage | (X) |
| C05 | Condominium lien & charges | (X) |
| C99 | Other (Specify) | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment, G.L.c. 231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| | | |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L.c.30A | (X) |
| E03 | Claims against Commonwealth or Municipality | (A) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E07 | G.L.c.112, s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General Contractor bond, G.L.c.149, ss.29, 29A | (A) |
| E11 | Workers' Compensation | (X) |
| E12 | G.L.c.123A, s.12 (SDP Commitment) | (X) |
| E14 | G.L.c.123A, s.9 (SDP Petition) | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12, s.11H | (A) |
| E18 | Foreign Discovery Proceeding | (X) |
| E19 | Sex Offender Registry, G.L.c. 178M, s.6 | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E95 | **Forfeiture, G.L.c.94C, s.47 | (F) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

\* **Claims against the Commonwealth or a municipality are type E03, Average Track, cases.**
\*\* **Claims filed by the Commonwealth pursuant to G.L. c. 94C, s. 47 Forfeiture cases are type E95, Fast track.**

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☐ Yes   ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, **where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).**

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2085CV00955 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Advanced Cable Ties, Inc. vs. Amco Polymers, Llc et al | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO: Mark C Bodanza, Esq. Bodanza & Bodanza 36 School St Leominster, MA 01453 | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |
|---|---|

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                        DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/03/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 01/04/2021 | |
| All motions under MRCP 12, 19, and 20 | 01/04/2021 | 02/01/2021 | 03/03/2021 |
| All motions under MRCP 15 | 01/04/2021 | 02/01/2021 | 03/03/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 07/01/2021 | | |
| All motions under MRCP 56 | 08/02/2021 | 08/30/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/28/2021 |
| Case shall be resolved and judgment shall issue by | | | 09/05/2022 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 09/08/2020 | ASSISTANT CLERK Laurie Jurgiel | PHONE (508)831-2350 |
|---|---|---|

Date/Time Printed: 09-08-2020 14:49:33

SCV026\ 08/2018